UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>**LEON HAYNES,**<br><br>Defendant. | No. 2:24-cr-232 (WJM)<br><br>**ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

**THIS MATTER** comes before the Court upon the parties' emailed letters dated July 9, 2024 regarding a dispute pertaining to a proposed protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure.

**WHEREAS** Defendant Leon Haynes has been charged in a 63-count indictment with 55 counts of aiding and assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2); five counts of mail fraud, in violation of 18 U.S.C. § 1341; one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A; and two counts of tax evasion, in violation of 26 U.S.C. § 7201, ECF No. 16;

**WHEREAS** pursuant to Federal Rule of Criminal Procedure 16(d)(1), "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

**WHEREAS** the Government seeks the entry of a proposed protective order ("Proposed Protective Order"), Ex. A to Gov't's Ltr., "to facilitate the prompt exchange of discovery materials to the defense, while protecting privacy rights and safety concerns of victims and unrelated third parties and protecting from disclosure information about an ongoing investigation." Gov't's Ltr. at 3;

**WHEREAS** defense counsel opposes the inclusion of paragraph 14 of the Proposed Protective Order, which states:

14. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material within 30 days of: (a) the expiration of the period for direct appeal from any verdict in the above-captioned case; (b) the

1

expiration of the period of direct appeal from any order dismissing any of the charges in the above-captioned case; (c) the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case; or (d) the issuance of an opinion by an appellate court that terminates the case, whichever date is later.

**WHEREAS** defense counsel argues that because "[c]riminal cases have lifelong consequences and attorneys revisit criminal convictions on a regular basis[,]" the requirement specified in paragraph 14 of the Proposed Protective Order: (1) significantly infringes the ability to revisit the case; (2) could deprive Mr. Haynes of his constitutional right to present a defense in the future; and (3) could cause counsel to not be able to render effective assistance to Mr. Haynes in the future if the case gets reviewed and the Federal Public Defenders Office has destroyed the discovery, Def's. Ltr. at 1;

**WHEREAS** defense counsel also asks the Court to "fashion language" that makes it clear that the protective order only applies to materials that contain Personally Identifiable Information ("PII"), Def.'s Ltr. at 2;

**WHEREAS** the nature of the charges raises concerns regarding Defendant's prior alleged misuse of PII and other victim information, *see United States v. Torres*, No. 20-CR-00418, 2020 WL 4500046, at *5 n.2 (D.N.J. Aug. 5, 2020);

**WHEREAS** the Government has proffered that there is a voluminous amount of discovery in this case that contains (1) tax and bank records; (2) the PII of more than one thousand third parties, including victims and witnesses; and (3) information relating to an ongoing investigation of uncharged individuals by the Government, Gov't's Ltr. at 1-2, 5; and

**WHEREAS** the parties have not previously met and conferred telephonically or in-person to discuss these issues. Ex. B to Gov't's Ltr.;

**IT IS**, on this 29th day of July 2024,

**ORDERED** that the parties are to file their letters dated July 9, 2024, along with all corresponding exhibits, on the public docket for this case; and it is further

**ORDERED** that the Government has shown good cause for the inclusion of a requirement that all disclosure material subject to the protective order that is not made part of the record of this case shall be returned to the Government or securely destroyed or deleted by the defense in accordance with the timelines specified in paragraph 14 of the Proposed Protective Order, *see Torres*, 2020 WL 4500046, at *5 & n.2; and it is further

**ORDERED** that the Proposed Protective Order shall be amended to reflect an obligation on behalf of the Government to retain all disclosure material subject to the

2

protective order so that Defendant is not precluded from later requesting new copies of disclosure material that is relevant for use in habeas corpus proceedings or later collateral attacks, *see United States v. Tsethlikai*, No. 18-CR-1392-WJ, 2018 WL 3801248, at *3 (D.N.M. Aug. 9, 2018); and it is further

**ORDERED** that the parties meet and confer to discuss defense counsel's concern regarding whether the scope of the Proposed Protective Order is limited only to discovery materials containing PII; and it is further

**ORDERED** that no later than **August 13, 2024**, the parties shall jointly submit a proposed protective order that is consistent with the findings set forth in this Order.

WILLIAM J. MARTINI, U.S.D.J.