UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LEON HAYNES | Criminal No. 24-00232 (WJM)<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.

Defendant Leon Haynes moves the Court to dismiss Count 23 of the Superseding Indictment (ECF No. 54) ("Indictment"), aggravated identity theft under 18 U.S.C. §§ 2, 1028A. ECF No. 64 ("Motion"). The motion is now fully briefed, and the Court decides the motion on the papers without oral argument. Loc. Civ. R. 78.1; Loc. Crim. R. 1.1 (applying Local Civil Rule 78.1 to criminal cases). For the reasons set forth below, the Motion is **DENIED**.

### I. BACKGROUND

The Defendant, a tax preparer, is accused of 26 counts of filing false tax returns, mail fraud, aggravated identity theft, and tax evasion. Indictment ¶¶ 2, 63-72. The Indictment alleges that the Defendant defrauded the United States Treasury by filing false and fraudulent tax forms and claiming tax refunds based on tax credits made available during the Covid-19 pandemic to which he and his clients were not entitled. *Id.* ¶¶ 16-17. As relevant here, the Indictment further alleges that the Defendant used personal identifying information of Individual-3, a client, without Individual-3's consent, to file false tax forms, including by affixing Individual-3's signature to the tax forms. *Id.* ¶¶ 41-42. The Indictment alleges that after receiving almost $120,000 in tax refunds, Individual-3 called the Defendant to "express concern about the legality of receiving these checks." *Id.* ¶ 45. Subsequently, the Indictment alleges that Haynes "became agitated and told Individual-3, in substance, not to contact the IRS and not to return the money." *Id.* Based on this conduct, the Indictment charges that Haynes violated 18 U.S.C. § 1028A(c)(5) by using Individual-3's identity during and in relation to the commission of mail fraud, 18 U.S.C. § 1341. *Id.* ¶ 68.

On August 18, 2025, Defendant filed this Motion, arguing that Count 23 is defective following the Supreme Court's decision in *Dubin v. United States*, 599 U.S. 110 (2023). Trial is currently scheduled to begin on November 3, 2025. ECF No. 74.

### II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3) permits a defendant to move to dismiss an indictment due to a "defect" such as "failure to state an offense." Fed. R. Crim. P.

12(b)(3)(B)(v). When evaluating a motion to dismiss part of an indictment, the Court must "generally accept as true the factual allegations in an indictment." *United States v. Menendez*, 831 F.3d 155, 159 (3d Cir. 2016). The Court may not address "the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000). Instead, the Court looks to whether the indictment (1) contains the elements of the offense charged, (2) sufficiently informs the defendant of the charge against which he must defend, and (3) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Willis*, 844 F.3d 155, 161 (3d Cir. 2016). Of course, nothing in the Court's review alters the bedrock principle that a defendant "stands accused but is presumed innocent until conviction upon trial or guilty plea." *Betterman v. Montana*, 578 U.S. 437, 441 (2016).

### III.   DISCUSSION

The Defendant's only basis for dismissing Count 23 of the Indictment is the Supreme Court's opinion in *Dubin v. United States*, 599 U.S. 110, 114 (2023). There, the Court narrowed the aggravated identity theft statute, 18 U.S.C. § 1028A(a)(1), to apply only where the "defendant's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal, rather than merely an ancillary feature." *Dubin*, 599 U.S. at 114. Defendant argues that the statute cannot apply here because the use of Individual-3's identity was "a mere billing or submission detail" and therefore "ancillary to a broader refund fraud scheme." Mot. 2-3. For the reasons set forth below, Defendant's arguments fail because the Indictment's description of the Defendant's conduct falls squarely within the *Dubin* Court's interpretation of the aggravated identity theft statute.

In *Dubin*, the Supreme Court explained that in aggravated identity fraud cases, the "misuse of the means of identification would be integral to what made the conduct fraudulent, because misrepresentation about who was involved was at the crux of the fraud." *Dubin*, 599 U.S. at 118 (citation modified). The Supreme Court provided several examples of what did not constitute aggravated identity theft: an hour-inflating lawyer, a steak-switching waiter, and an over-billing building contractor. *Id.* at 130-31. The Supreme Court also clarified that "being at the crux of the criminality requires more than a causal relationship, such as facilitation of the offense or being a but-for cause of its success." *Id.* at 131 (citation modified).

After *Dubin*, the Third Circuit has rejected every *Dubin* challenge as of this date. *See United States v. Diarra*, No. 22-3232, 2025 WL 1862994, at *1-2 (3d Cir. July 7, 2025) (using victims' information to access victims' bank accounts); *United States v. Weigand*, No. 23-2159, 2025 WL 1554931, at *3 (3d Cir. June 2, 2025) (using another person's identifying information to open an account without authorization); *United States v. Brown*, No. 23-1819, 2024 WL 1991461, at *2 (3d Cir. May 6, 2024) (using a victim's credit card to make purchases). In *Weigand*, for example, the Third Circuit upheld a conviction where the "deception about identity was not merely incidental to the fraud but constituted its very

essence" because the defendant "could not have executed his scheme without representing himself" falsely as the victim. *Weigand*, 2025 WL 1554931, at *3.

Similarly, every court in this district has rejected *Dubin*-based arguments. *See, e.g., United States v. Gallo*, No. 24-cr-00712, 2025 WL 1949198, at *5 (D.N.J. July 16, 2025) (using a forged document to secure a mortgage); *United States v. Johnston*, No. 20-cr-00800, 2024 WL 4570681, at *4 (D.N.J. Oct. 24, 2024) (using patients' identifying information without knowledge to submit false claims). *Gallo* is particularly instructive because the defendants there only secured a mortgage by relying on the identity of the subject properties' property manager, as their scheme would have failed if they used the identity of any other person. *Gallo*, 2025 WL 1949198, at *5 & n.2.

Applying these principles, the Court concludes that the Indictment describes misuse of Individual-3's identity that is at the crux of the Defendant's allegedly fraudulent scheme. The "crux" of this scheme involved the Defendant allegedly using Individual-3's name and personally identifiable information to file false tax forms purportedly on Individual-3's behalf, without Individual-3's consent. Indictment ¶¶ 41-44. Without appropriating Individual-3's identity, the Defendant could not have filed false Individual-3's tax returns. The use of Individual-3's identity was not an optional or incidental component—it was a core element of the crime, going right to the "who" element of identity fraud, because the amount of a tax refund depends on each individual taxpayer's income, deductions, exemptions, and credits. *See Dubin*, 599 U.S. at 132 (requiring that the use of the victim's identity "go[] to 'who' is involved"); *Weigand*, 2025 WL 1554931, at *3 (holding that the misappropriation of the client's identity "went directly to the 'who' element"). The Motion therefore fails.

## IV.   CONCLUSION

Count 23 of the Indictment sufficiently states the elements of aggravated identity theft, 18 U.S.C. § 1028A, where the use of the victim's identity was at the crux of the criminal conduct. The Motion is therefore **DENIED**. An appropriate order follows.

DATE: September 23, 2025

WILLIAM J. MARTINI, U.S.D.J.

3