UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 24-00232 (WJM) |
| v. | OPINION |
| LEON HAYNES | |

**WILLIAM J. MARTINI, U.S.D.J.**

The Government moves the Court in limine for miscellaneous relief ahead of trial beginning on November 3, 2025. ECF No. 70 ("Motion"). The Motion is now fully briefed, and the Court decides the Motion on the papers without oral argument. Loc. Civ. R. 78.1; Loc. Crim. R. 1.1 (applying Local Civil Rule 78.1 to criminal cases). For the reasons set forth below, the Motion is **GRANTED IN PART**, and the Court **RESERVES** judgment on all remaining issues until the morning of trial.

## I. BACKGROUND

The Court assumes the parties are familiar with the relevant facts as set forth in the operative Indictment, ECF No. 89.[1] In short, the Defendant, a former tax preparer, is accused of 23 counts of filing false tax returns, mail fraud, aggravated identity theft, and tax evasion. Indictment ¶¶ 2, 57-66.

In the Motion, the Government makes eight requests to the Court. However, the Court only considers for now two of the requests relating to (1) production of reciprocal discovery and (2) the use of a summary witness and summary exhibits, along with the Defendant's responses to these requests, ECF No. 77 ("Response"). The Court will rule on the remaining requests on the morning of trial.

## II. LEGAL STANDARD

Trial courts have "wide latitude" to control the admission of evidence before trial. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1998). However, trial courts "should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017) (citing *Leonard v. Stemtech Health Sciences, Inc.*, 981 F. Supp. 2d 273, 276 (D. Del.

---

[1] Following a status conference on October 1, 2025, the Government filed a letter with the Court requesting permission to proceed to trial on an Amended Indictment. ECF No. 83 ("Indictment"). The Court granted this request. ECF No. 88.

2013)). Instead of ruling on a motion in limine in advance of trial, the court can "reserve judgment until trial in order to place the motion in the appropriate factual context." *Id.*

## III. DISCUSSION

### A. Reciprocal Discovery

First, the Government moves to compel production of discoverable information from the Defendant to the extent any materials exist and require the Defendant to provide notice of any defenses that require notice. Mot. 10-11. The Defendant has asserted that he is not aware of any reciprocal discovery but would provide any discovery he intends to use at trial. Resp. 3. Because this request is unopposed, and "to prevent the defendant from obtaining an unfair advantage," *United States v. Hoffecker*, 530 F.3d 137, 185 (3d Cir. 2008) (quoting Fed. R. Crim. P. 16(c) Advisory Committee Notes (1966 Amendment)), in the event that the Defendant's trial strategy evolves, the Court **GRANTS** the Government's request pursuant to Federal Rule of Criminal Procedure 16(b)(1). Before November 3, 2025, the Defendant is **ORDERED** to (1) allow the Government to inspect any materials that the Defendant intends to use in his case-in-chief and (2) provide notice of any potential defenses that require notice.

### B. Summary Evidence

Next, the Government indicated its intent to call a summary witness, Supervisory Special Agent Dimosthenis Diamantis,[2] and to use summary charts pursuant to Federal Rule of Evidence 1006 based on the "voluminous" tax and financial records it has collected and analyzed. Mot. 13-14.[3] The Defendant does not oppose this request. Resp. 3. Instead, the Defendant requests (1) that the Government provide the summary exhibits "at least 30 days before trial," (2) "[p]rohibit characterizations or conclusions" unless "explicitly contained" in the underlying materials, and (3) give the Defendant "equivalent time and resources to prepare counter-summaries if needed." *Id.* This section discusses each request in turn.

#### 1. Summary witness and exhibits

Since the Defendant does not oppose the Government's request to call a summary witness and use summary charts, the Court **GRANTS** this portion of the Motion. Based on the Government's submissions, the Court determines that Supervisory Agent Diggins will help streamline the presentation of evidence. *See* Fed. R. Evid. 611(a). Additionally, summary exhibits are generally admissible as substantive evidence to the extent that the underlying materials are admissible. Fed. R. Evid. 1006. Therefore, the Court **PERMITS**

---

[2] The Government originally named Supervisory Agent Adrienne Diggins as its summary witness, but the Government stated that it needed to call a different witness due to the change in trial date. Reply 4 n.1.

[3] In the alternative, the Government moves to admit the summary evidence as demonstrative aids. Mot. 16; *see* Fed. R. Evid. 107. The Court does not consider this basis at this time.

2

the Government to proceed at trial using summary exhibits, subject to all other prerequisites of the Federal Rules of Evidence and the Government meeting its deadline to produce the summary exhibits in advance of trial as discussed below.

### 2. The Defendant's Requests

In response, the Defendant requests (1) that the Government provide the summary exhibits "at least 30 days before trial," (2) "[p]rohibit characterizations or conclusions" unless "explicitly contained" in the underlying materials, and (3) give the Defendant "equivalent time and resources to prepare counter-summaries if needed." Resp. 3. The Government opposes the first two of these requests, arguing that Rule 1006 does not require production of the summaries ahead of trial, nor does it prohibit conclusory statements. ECF No. 80 ("Reply"), 5-6. The Government does not address the third request. The Government has asserted that it would produce drafts of the summary charts "as soon as they are finalized and in advance of trial." *Id.* 6.

As an initial matter, while the Defendant must have the opportunity to inspect the materials underlying the summary exhibits "at a reasonable time and place," Fed. R. Evid. 1006(b), the Defendant does not have the right to inspect the summary exhibits themselves before trial. *See Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17, 30 (1st Cir. 2011); *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 753 (7th Cir. 2005). The Government proffers that it has already made the underlying materials available and would make drafts of the summary exhibits available to the Defendant before trial. Reply 6. Accordingly, the dispute here turns on the length of the time before trial for the Defendant to dissect the exhibits. The Court determines that two weeks is a reasonable length of time for the Defendant to review the summary exhibits before trial. Therefore, the Court **ORDERS** the Government to produce to the Defendant all summary exhibits it intends to use at trial by October 20, 2025.

Next, the Defendant's request to prevent the witness from offering "characterizations or conclusions" is vague and premature, since the Court has not received the Government's actual summary materials nor heard testimony. The Court **DENIES** this request without prejudice. However, the Court notes that a summary witness may offer opinion testimony when such opinions are (a) rationally based on the witness's perception, (b) helpful to "clearly understanding" the witness's testimony or to determining an at-issue fact, and (c) not based on knowledge within the scope of the rules regarding expert testimony. *United States v. Fulton*, 837 F.3d 281, 291 (3d Cir. 2016) (quoting Fed. R. Evid. 701). The Court can permit opinion testimony based on personal knowledge about what the evidence shows as a factual matter, not opinion testimony based on assumptions, inferences, and technical expertise. *Compare United States v. Jarmon*, 14 F.4th 268, 273 (3d Cir. 2021) (affirming admission of summary testimony involving the agent's "investigation, her personal observations, and her beliefs of what the evidence showed"), *with United States v. Shulick*, 18 F.4th 91, 106 (3d Cir. 2021) (affirming exclusion of a summary with "assumptions and inferences that represent the witness's opinion, rather than the underlying information" (citation modified)).

Finally, the Defendant's request for "equivalent time and resources" is premature, vague, and non-specific. *See Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (observing that a court may deny a motion in limine when it lacks the necessary specificity regarding the evidence to be excluded). The Court therefore **DENIES** this request without prejudice.

## IV.   CONCLUSION

The Court **ORDERS** the Defendant to permit the Government to inspect any materials that he intends to use in his case-in-chief and to provide notice of any potential defenses that require notice. The Court **PERMITS** the Government to proceed at trial with a summary witness and summary exhibits, and the Court **ORDERS** the Government to produce the summary exhibits it intends to use at trial by October 20, 2025. The Court **RESERVES** judgment on all remaining requests in the Motion. An appropriate order follows.

DATE: October 14, 2025

WILLIAM J. MARTINI, U.S.D.J.

4